UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Wilbert Funeral Services, Inc., | ) | |
| Plaintiff/Counter-Defendant, | ) | 10 C 3272 |
| vs. | ) | Judge Feinerman |
| Custom Services Unlimited, LLC, | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff/Counter-Defendant Wilbert Funeral Services, Inc. brought this action against Defendant/Counter-Plaintiff Custom Services Unlimited, LLC, alleging breach of contract. Custom answered, asserted three affirmative defenses, and filed two counterclaims. Before the Court is Wilbert's Rule 12(f) motion to strike Custom's second affirmative defense, which invokes the accord and satisfaction doctrine. The motion to strike is granted in part, but Custom is granted leave under Rule 15(a)(2) to file an amended pleading that repleads the second affirmative defense as a voluntary payment defense and that attempts to plead a separate accord and satisfaction defense. In addition, the Court on its own motion strikes Custom's first affirmative defense under Rule 12(f).

Wilbert and Custom entered into a contract under which Custom agreed to provide certain products to Wilbert. Wilbert's complaint alleges that Custom breached the contract by delivering $229,000 less product than Wilbert paid for. Custom's first counterclaim alleges that Wilbert breached the contract by underpaying Custom $111,370 for delivered product, and the

1

second alleges that Wilbert breached by failing to pay Custom $86,296 for warehouse rental and other costs.

Custom's first affirmative defense is essentially a word-for-word recitation of Custom's first counterclaim. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant … matter," Fed. R. Civ. P. 12(f), and Rule 12(f)(1) makes clear that a court may do so "on its own." Fed. R. Civ. P. 12(f)(1). The Court on its own motion construes the first affirmative defense as a counterclaim, *see* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates … a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."), and strikes it under Rule 12(f) as "redundant … matter."

Custom's second affirmative defense, the subject of Wilbert's motion, reads as follows:

> 1. At all relevant times, Plaintiff sent various purchase orders to Defendant pursuant to the Exclusive Agreement. Plaintiff made numerous revisions to the purchase orders.
>
> 2. Plaintiff did not keep careful track of the number or type of product it had ultimately ordered from Defendant. Plaintiff, at various times, made payments to Defendant for product that were manufactured and delivered to Plaintiff.
>
> 3. At all relevant times, pursuant to the Exclusive Agreement, Plaintiff was given the right not to accept excess product shipped to it by Defendant and, after the first purchase order, to pay thirty days after shipment was made and accepted.
>
> 4. Plaintiff failed to refuse any product that was produced and shipped by Defendant. Plaintiff's payments to Defendant act as an acknowledgment that they received the product and that Defendant fulfilled the Exclusive Agreement for the product for which Plaintiff paid. Plaintiff still owes Defendant for the additional product that was delivered due to Plaintiff's faulty record keeping.

> WHEREFORE, Defendant denies that it owes any amounts to Plaintiff and affirmatively asserts that it delivered the product that Plaintiff ordered, payment for which acts as an accord and satisfaction of the Exclusive Agreement for the amount of the product Plaintiff ordered. Plaintiff still owes Defendant for the additional product that was delivered due to Plaintiff's faulty record keeping.

In short, the defense alleges that Wilbert had the right to reject product delivered by Custom, that Wilbert failed to exercise that right, and that Wilbert's payment of the amounts billed by Custom "act[s] as an acknowledgment that [Wilbert] received the product and that [Custom] fulfilled the [contract] for the product for which [Wilbert] paid."

Wilbert moves to strike this affirmative defense on two grounds: (1) the last sentence of Paragraph 4 and the last sentence of the WHEREFORE clause are redundant of the first affirmative defense; and (2) it does not plead a sufficient "accord and satisfaction" defense. The first ground has undeniable merit. While the Court has stricken Custom's first affirmative defense, the two sentences identified by Wilbert simply repeat Custom's first counterclaim, and thus are stricken as redundant under Rule 12(f).

For its second ground, which goes to what remains of the second affirmative defense, Wilbert contends that the defense does not adequately plead accord and satisfaction under the standards set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). It presently is an open question whether *Iqbal* and *Twombly* govern the pleading of affirmative defenses. *See Racick v. Dominion Law Assocs.*, __ F.R.D. __, 2010 WL 3928702, at *4 (E.D.N.C. Oct. 6, 2010) (noting that no court of appeals has resolved the question and that most district courts have applied *Iqbal* and *Twombly* to affirmative defenses); *Francisco v. Verizon S., Inc.*, 2010 WL 2990159, at *6-7 (E.D. Va. July 29, 2010) (citing cases); *Bank of Montreal v. SK Foods, LLC*, 2009 WL 3824668, at *4 (N.D. Ill. Nov. 13, 2009) (applying *Iqbal*

and *Twombly* to affirmative defenses); *cf. Davis v. Indiana State Police*, 541 F.3d 760, 763-64 (7th Cir. 2008) (noting that *Twombly* does not "mention[] affirmative defenses" in holding that "[c]omplaints need not anticipate, and attempt to plead around, potential affirmative defenses"). There is no need to choose sides in the debate, as the second affirmative defense fails to adequately plead accord and satisfaction even under pre-*Twombly* standards.

The parties' contract provides that it shall be governed by Illinois law. A defendant invoking accord and satisfaction under Illinois law must demonstrate "(1) a *bona fide* dispute, (2) an unliquidated sum, (3) consideration, (4) a shared and mutual intent to compromise the claim, and (5) execution of the agreement." *Saichek v. Lupa*, 787 N.E.2d 827, 832 (Ill. 2003). The "*bona fide* dispute" must exist at the time the plaintiff tenders payment. *See A.F.P. Enters., Inc. v. Crescent Pork, Inc.*, 611 N.E.2d 619, 623 (Ill. App. 1993). The factual allegations of the second affirmative defense are incompatible with an accord and satisfaction defense. Accord and satisfaction occurs only where the parties had a *bona fide* dispute at the time of payment and a shared intent to compromise that dispute. The second affirmative defense—in particular, the allegation in Paragraph 4 that "Plaintiff's payments to Defendant act as an acknowledgment that they received the product and that Defendant fulfilled the Exclusive Agreement for the product for which Plaintiff paid"—rests on the premise that there was *no* dispute between the parties at the time Wilbert made payment. Just as a plaintiff can plead itself out of court by making factual allegations that defeat its claim, *see Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008), a defendant's allegations can fatally undermine an affirmative defense. *See Campa v. Gordon Food Servs., Inc.*, 2002 WL 1879441, at *1 (N.D. Ill. Aug. 14, 2002).

4

Although the factual allegations in Custom's second affirmative defense are incompatible with accord and satisfaction, they do state a defense under the voluntary payment doctrine. Under Illinois law, "a plaintiff who voluntarily pays money in reply to an incorrect or illegal claim of right cannot recover that payment unless he can show fraud, coercion, or mistake of fact." *Spivey v. Adaptive Mktg. LLC*, __ F.3d __, 2010 WL 3619789, at *5 (7th Cir. 2010) (Illinois law) (internal quotations omitted). Moreover, "it is no exception to the voluntary-payment doctrine when the plaintiff makes no effort to ascertain the factual basis of the [charge] but pays it anyway"—put another way, where "the plaintiff's lack of knowledge could be attributed to its lack of investigation into the defendant's claim of liability and the basis upon which the defendant was seeking the [payment], the Illinois courts have rejected a mistake of fact claim." *Id*. at *7 (internal quotations omitted, brackets in original).

Custom's second defense, which asserts that Wilbert should be barred from recovering the alleged overpayments because they were voluntarily made, fits comfortably within the voluntary payment doctrine. Accordingly, the second affirmative defense (minus the two redundant sentences referenced above) survives, though for the sake of clarity Custom should replead it as a voluntary payment defense. *See* Fed. R. Civ. P. 15(a)(2) (court should "freely give leave" to party to "amend its pleading … when justice so requires"). In addition, if it can do so consistent with Rule 11 in light of its present factual allegations, Custom may attempt to plead a separate accord and satisfaction defense.

To summarize, the Court (1) strikes Custom's first affirmative defense on its own motion, (2) strikes the two above-referenced sentences from Custom's second affirmative defense, and (3) allows Wilbert leave, by November 19, 2010, to replead the second affirmative

5

defense (minus the two stricken sentences) as a voluntary payment defense and to attempt to

plead a separate accord and satisfaction defense.

November 5, 2010

_____
United States District Judge